## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------O
|                                               | : |
| In re:                                        | : Chapter 7 |
|                                               | : |
| WESTLAKE PROPERTY HOLDINGS, LLC               | : Case No. 19-11756 (KBO) |
|                                               | : |
| Debtor.                                       | : |

-------------------------------------------------------------O
|                                               | : |
| In re:                                        | : Chapter 7 |
|                                               | : |
| PIPELINE – WESTLAKE HOSPITAL, LLC             | : Case No. 19-11757 (KBO) |
|                                               | : |
| Debtors.                                      | : |

-------------------------------------------------------------O

## ORDER PURSUANT TO 11 U.S.C. § 333 AND FED. R. BANKR. P. 2007.2
## DIRECTING THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN

Upon the consent of above-captioned debtors (the "Debtors") and Alfred T. Giuliano (the "Chapter 7 Trustee") for entry of an order directing the appointment of a patient care ombudsman in the Debtors' cases, pursuant to Section 333 of title 11 of the United States Code (the "Bankruptcy Code"), and upon the Court's consideration of the matter, it is hereby

ORDERED that the Acting United States Trustee for the District of Delaware (the "U.S. Trustee") is directed to appoint a patient care ombudsman (the "Ombudsman") in the Debtors' cases pursuant to Section 333 of the Bankruptcy Code. The Ombudsman shall perform the duties required of a patient care ombudsman, pursuant to Sections 333(b) and (c) of the Bankruptcy Code, for the shorter of (i) the duration of the Debtors' chapter 7 cases, or (ii) as to any particular facility of the Debtors, until it is closed or it is no longer property of the bankruptcy estates because of the occurrence of the closing date of a sale of such facility or otherwise. The

Ombudsman shall perform such duties solely with respect to facilities operated by the Debtors. The Ombudsman shall not perform, or seek to perform, such duties with respect to any facilities or business operations of any non-Debtor affiliates of the Debtors.

IT IS FURTHER ORDERED that the Ombudsman may review confidential patient records pursuant to 11 U.S.C. § 333(c)(1) as necessary and appropriate to discharge the Ombudsman's duties and responsibilities under this Order; provided, however, that the Ombudsman shall protect the confidentiality of all such patient records as required under applicable non-bankruptcy law and regulations including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the federal HIPAA privacy regulations at 45 Code of Federal Regulations.

IT IS FURTHER ORDERED that not later than 60 days after the date of the appointment, and not less frequently than 60-day intervals thereafter, the Ombudsman shall report to the Court, after notice to parties in interest, at a hearing or in writing, regarding the quality of patient care provided to the Debtors' patients; provided, however, that for each facility the Ombudsman shall prepare a separate report that includes information relevant only to such facility. In this regard, notice of the foregoing shall be deemed sufficient if the Ombudsman (1) provides such notice to the Chapter 7 Trustee, the Debtors, the Debtors' counsel, the U.S. Trustee, the Department of Justice (HHS/CMS), and to those parties in interest requesting notice in the Debtors' chapter 7 cases; and (2) posts notice as set forth below:

    a.  For the shorter of (i) the duration of the Debtors' chapter 7 cases, or (ii) as to any particular facility of the Debtors, until it is closed or it is no longer property of the bankruptcy estates because of the occurrence of the closing date of a sale of such facility or otherwise, the Ombudsman shall post notice of the forthcoming report(s) at each facility, and to the extent possible, in at least two locations as determined by the Ombudsman; and

b. The Ombudsman shall post a copy of the applicable written report at each facility in the same location(s) as the notice of forthcoming written report and shall keep such report posted until the next report is filed, at which time the prior report may be removed and replaced with the most recent report.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over all

matters arising from or related to the implementation or interpretation of this Order.

Date:    August  6  , 2019
         Wilmington, Delaware

_Ka B. O_

THE HONORABLE KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE