# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| PIPELINE – WESTLAKE HOSPITAL, LLC d/b/a WESTLAKE HOSPITAL, | ) Case No. 19-11757 (KBO) |
| Debtor. | ) |
| PIPELINE-WESTLAKE HOSPITAL, LLC, d/b/a WESTLAKE HOSPITAL, | ) |
| Plaintiff, | ) Adv. Pro. No. 19-_____ (KBO) |
| v. | ) |
| THE VILLAGE OF MELROSE PARK and PEOPLE OF THE STATE OF ILLINOIS ex rel., Kimberly M. Foxx, State's Attorney of Cook County, | ) |
| Defendants, | ) |
| and | ) |
| ILLINOIS HEALTH FACILITIES AND SERVICES REVIEW BOARD, | ) |
| Nominal Defendant. | ) |

**WESTLAKE HOSPITAL'S COMPLAINT FOR (I) DECLARATORY
AND INJUNCTIVE RELIEF AND (II) FOR ACTUAL AND PUNITIVE
DAMAGES AGAINST THE VILLAGE OF MELROSE PARK FOR
<u>VIOLATION OF THE AUTOMATIC STAY</u>**

Debtor Pipeline-Westlake Hospital, LLC d/b/a Westlake Hospital (the "Hospital" or the "Plaintiff"), an above-captioned debtor, brings this action in accordance with 28 U.S.C. § 2201, 11 U.S.C. § 105, 106(a), and 362(a) and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 7001(7), (9) and 7065 (the "Complaint") for declaratory judgment and injunctive relief against the Village of Melrose Park (the

11105183/1

"Village") and the People of the State of Illinois ex rel., Kimberly M. Foxx, State's Attorney of Cook County ("State's Attorney", collectively, with the Village, the "Defendants"), and for actual and punitive damages against the Village for willfully violating the automatic stay, and upon knowledge of its own acts and upon information and belief as to other matters, as follows:

## INTRODUCTION

This adversary proceeding arises out of Westlake Hospital's request that this Court (i) declare that the Defendants cannot pursue the Administrative Review Action (defined below) because the Circuit Court does not have jurisdiction over the decisions regarding the administration of Westlake Hospital's bankruptcy estate, (ii) enforce the automatic stay pursuant to section 362 of the Bankruptcy Code as to orders or continued proceedings in the Administrative Review Action, including attempts to enforce the Circuit Court's May 7, 2019 Order, and any action by the Defendants or any other entry that would attempt to divest or otherwise nullify or impede this Court's authority to oversee the administration of the Debtors' estates, (iii) award to the Debtors' estates actual and punitive damages against the Village for violation to the automatic stay pursuant to 11 U.S.C..§ 362(k), and (iv) to the extent that the automatic stay does not apply, exercise its powers under section 105 of the Bankruptcy Code to enjoin Defendants' action in order to preserve the Bankruptcy Court's jurisdiction, as well as to prevent irreparable harm to the Debtor's estate and the goals and policies underlying the Bankruptcy Code.

## THE PARTIES AND BACKGROUND

1. Plaintiff is a Delaware limited liability company that, until the filing of the above-captioned bankruptcy proceeding, operated Westlake Hospital, a 230 bed healthcare facility located in Melrose Park, Illinois. Plaintiff is wholly owned by SRC Hospital Investments, II, LLC ("SRC"), which is also a duly organized limited liability company under the laws of the State of Delaware.

2. On or about December 31, 2018, SRC entered into an agreement to purchase Westlake Hospital and two other hospitals in the greater Chicago metropolitan area, Louis A. Weiss Memorial Hospital ("Weiss Hospital") and West Suburban Medical Center ("West Suburban Hospital"). The transaction closed on January 28, 2019.

3. On August 6, 2019 (the "Petition Date"), Plaintiff and Westlake Property Holdings, LLC (collectively, with Westlake Hospital, the "Debtors"), each filed voluntary chapter 7 bankruptcy petitions (the "Chapter 7 Cases") under title 11 of the United States Code (the "Bankruptcy Code").

4. On the Petition Date, Alfred T. Giuliano (the "Chapter 7 Trustee") was appointed the Chapter 7 Trustee in the Chapter 7 Cases.

5. On the Petition Date, the Court entered an Interim Order, providing for the orderly administration of the Hospital, including among other things, authorizing and directing the Chapter 7 Trustee to perform the following tasks:

> i. Discharge and/or transfer the current patients in the Hospital to another acceptable health care facility subject to 11 U.S.C. § 704(a)(12);

    ii. Manage all pharmaceutical supplies and hazardous materials at the Hospital;

    iii. Transfer and store the medical records in accordance with applicable law;

    iv. Retain employees as long as necessary and/or terminate employees in accordance with the Chapter 7 Trustee's business judgment;

    v. Pay Hospital operating expenses, including, but not limited to, utilities, food, insurance, and payroll, including Prepetition Employee Claims;

    vi. Terminate such utilities as the Chapter 7 Trustee determines are no longer necessary; and

    vii. Secure the Hospital facility.

6. On the Petition Date, the Bankruptcy Court issued an Order directing the appointment of a Patient Care Ombudsperson pursuant to section 333 of the Bankruptcy Code.

7. On August 9, 2019, the Office of the United States Trustee filed a notice appointing Suzanne Koenig as the Patient Healthcare Ombudsperson (the "PCO") in the Chapter 7 Cases. Upon information and belief, Ms. Koenig has visited the Hospital in her capacity as the PCO.

8. Defendant Village of Melrose Park, upon information and belief, is a municipal corporation existing under the laws of the State of Illinois.

9. Defendant the State's Attorney, upon information and belief, is Kimberly M. Foxx, the State's Attorney for Cook County, Illinois.

10. Nominal Defendant the Illinois Health Facilities and Services Review Board (the "Illinois Board"), upon information and belief, is an administrative agency created pursuant to 20 ILCS 3960/4(a).

## JURISDICTION AND VENUE

11. This adversary proceeding arises in and relates to these Chapter 7 Cases. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

12. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

13. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

14. In the event that it should be determined that this matter is not one over which the bankruptcy court can enter a final order, Plaintiff consents to the entry of a final order with respect to, and solely to the extent of, the requests for relief set forth herein.

## THE ADMINISTRATIVE REVIEW ACTION

15. During the twelve-month period ending June 2018, Westlake Hospital, Weiss Hospital, and West Suburban Hospital had lost a total of approximately $12 million. The majority of those losses came from Westlake Hospital. By the end of the year, that loss had increased to approximately $31 million across all three hospitals, with the overwhelming majority of that loss coming from Westlake Hospital.

16. By February 2019, the Hospital's financials continued to deteriorate. In February 2019, less than half of the Hospital's beds were occupied, and the Hospital was losing more than $1 million a month. Meanwhile, the staffing at the hospital suffered significant attrition, to the point where the Hospital became concerned about its ability to continue to provide the level of care necessary for patient safety.

17. On February 21, 2019, the Hospital filed a discontinuation certificate of exemption application (the "Discontinuation Application") which sought the approval of the Illinois Board to permit the closing of the Hospital. Within a few days of the submission of the Discontinuation Application, the Board deemed it complete and scheduled it for the Illinois Board's April 30, 2019 meeting. As explained in the Discontinuation Application, it was planned to discontinue services at Westlake and consolidate Westlake's underutilized hospital operations at West Suburban.

18. On April 30, 2019, the Illinois Board conducted its hearing to consider the Discontinuation Application, considered the application on its merits, and unanimously approved the Discontinuation Application (the "Closure Order").

19. On May 2, 2019, the Village filed a complaint and an emergency motion ("Motion to Stay") in the Circuit Court of Cook County, Illinois (the "Circuit Court") to stay the Illinois Board's Closure Order and approval of the Discontinuation Application (Case No. 19-CH-05553) (the "Administrative Review Action") to prevent Westlake Hospital from closing.

20. The State's Attorney subsequently intervened in the Administrative Review Action. The Illinois Board, which is represented by the Attorney General of Illinois in the Administrative Review Action, opposed the State's Attorney's motion to intervene, based in part on an argument that the State's Attorney lacks standing to pursue its claims against the Board because it is not among the narrow set of "adversely affected" parties permitted to bring an administrative review action under the Planning Act.

21. In the meantime, following the submission of the Discontinuation Application, Westlake continued to experience considerable staff attrition, and the composition of the clinical staff deteriorated. These staffing issues added to the Hospital's financial instability, and raised concerns about quality of care and patient safety. Without sufficient staff, Westlake Hospital could not serve existing patients safely, particularly in the Intensive Care Unit, Emergency Department, Obstetrics and Gynecology. Some Westlake physicians requested to move their practices to West Suburban, which Westlake Hospital accommodated to ensure continuity of quality care and patient safety.

22. On May 7, 2019, the Circuit Court granted the State's Attorney's motion to intervene and her oral motion to join the Village's Motion to Stay. The Circuit Court then granted the joint Motion to Stay, issuing a 21 page opinion and order (the "May 7, 2019 Order") delineating the terms of the stay as follows:

1) Westlake Hospital and SRC and any of their employees or agents are enjoined from taking any action pursuant to the Discontinuation Application, including but not limited to closing Westlake Hospital.

2) For the duration of the Administrative Review Action, the Defendants therein were enjoined from:

   a. Discontinuing any medical service offered by Westlake Hospital on April 30, 2019 or modifying the scope of those services. Such services shall include, but are not limited to, the emergency room, intensive care, obstetrics, rehabilitation, internal medicine, pediatrics, surgical, and psychiatric.

7

    b. Notwithstanding the above, Defendants are not required to reinstate the Hospital's bariatric services at this time.

    c. Creating conditions that change the status quo, including but not limited to:

        i. Terminating employees or contracts that result in insufficient staffing to provide the scope of services that were offered by the Hospital on April 30, 2019; or

        ii. Failing to maintain facilities, staffing or supply levels that interfere with providing the scope of services and adequate standard of care to patients that were provided by the Hospital on April 30, 2019.

3) To the extent services described above have been discontinued, Defendants are to restore such service no later than 7:00 a.m. on Friday May 10, 2019. To the extent discrete services, such as surgeries, have been cancelled, Defendants are to make reasonable attempts to reschedule them.

4) The Hospital is to remain off emergency room bypass. It may go on bypass, in whole or in part, only for good medical cause shown.

5) The Hospital is to continue admission of patients when deemed medically appropriate. Admissions may only be denied for good medical cause shown.

6) No bond shall be required of either the Village or the State's Attorney.

7) Violations of this Order shall be punishable by contempt of court.

23. The May 7, 2019 Order is currently on appeal in the Appellate Court of Illinois First Juridical District (Case No. 1-19-0989). Westlake Hospital and SRC challenge the Circuit Court's May 7, 2019 Order pursuant to Sections 3-111(a)(1) of the Administrative Review Law, 735 ILCS 5/3-111(a)(1) (2016), staying the Closure Order pending that court's resolution of the merits of the Village and the State's Attorney's administrative review action.

## COUNT I
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201)

24. Paragraphs 1 through 23 are incorporated herein as though restated in full.

25. Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Bankruptcy Courts, as units of the district court, have the authority to the issue of declaratory judgments.

26. Courts possess jurisdiction to issue declaratory relief where the facts alleged, under all circumstances, show there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27. There is a substantial controversy between Westlake Hospital and the Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28. A declaratory judgment should be entered confirming this Court's exclusive jurisdiction over the administration of the Debtors' estates, and further declaring that the Circuit Court does not have any jurisdiction over the determination

9

regarding of matters concerning the administration of the Debtors' estates, and further declaring that Westlake Hospital, the Chapter 7 Trustee, and the PCO do not need to obtain the approval from the Circuit Court to administer the Chapter 7 estates' assets.

## COUNT II
### (Enforcement of Section 362 Automatic Stay)

29. Paragraphs 1 through 28 are incorporated herein as though restated in full.

30. Westlake Hospital is subject to the Chapter 7 Trustee's administration as of the Petition Date.

31. The automatic stay prohibits "all entities" from taking any "act" to "exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

32. The continuation of the Administrative Review Action constitutes an exercise of "control" over the Debtors' property.

33. The administration of the Chapter 7 estate, including actions taken by the Chapter 7 Trustee and/or the PCO does not implicate the police or regulatory power exception to the automatic stay.

34. Any action in connection with the Administrative Review Action by the Village or State's Attorney in the Circuit Court would thus be a violation of the automatic stay.

35. Issuing an order enforcing the automatic stay as to any such action is therefore necessary and appropriate.

## COUNT III
### (Actual and Punitive Damages against the Village for Violation of the Automatic Stay)

36. Paragraphs 1 through 35 are incorporated herein as though restated in full.

37. On the Petition Date, the Debtors served the Village and its counsel with copies of the motions filed in the bankruptcy cases.

38. The Village and its counsel were aware of commencement of the bankruptcy cases.

39. On August 8, 2019, the Village of Melrose Park filed an emergency petition for rule to show cause in the Circuit Court (the "Emergency Petition").

40. By and through the Emergency Petition, the Village sought relief that related to the Debtors' property, by among other things, seeking to impose liability upon SRC if it did not continue operating the Hospital.

41. By and through the Emergency Petition, the Village sought to continue an action that was commenced before the commencement of the Bankruptcy Cases, and the Village sought to require that a non-debtor party, other than the Chapter 7 Trustee, take an action that would take control over property of the Debtors' estates.

42. The Village's actions were a violation of the automatic stay set forth in 11 U.S.C. § 362.

43. The Debtors and their estates are entitled to actual and punitive damages for the Village's willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k).

**Count IV**
**(Section 105 Injunction)**

44. Paragraphs 1 through 43 are incorporated herein as though restated in full.

45. A bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

46. A Bankruptcy Court may, therefore, in its discretion, issue injunctive

relief under section 105 of the Bankruptcy Code in order to restrain activities that threaten the policies underlying the bankruptcy process and the administration of a debtor's estate or impair the court's jurisdiction with respect to the case before it.

47. The Administrative Review Action would irreparably harm the Debtors and their stakeholders by threatening this Court's exclusive jurisdiction over the Debtors' estates, administration thereof, and otherwise burden the Debtors.

48. This Court's issuance of the relief enjoining the Administrative Review Action would not harm the Village, the State's Attorney, or other parties in the action because the Chapter 7 Trustee and the PCO has been appointed in these Chapter 7 Cases to facilitate the orderly administration of the Debtors' assets and estates and care for patient care.

49. The requested injunctive relief will serve the public interest by allowing this Court to retain its exclusive jurisdiction over these Chapter 7 Cases and the Debtors' estates, and by treating all general unsecured creditors equally.

50. Injunctive relief pursuant to section 105 of the Bankruptcy Code enjoining the Administrative Review Action Parties is therefore necessary and appropriate.

WHEREFORE, Westlake Hospital respectfully requests relief as follows:

a. That this Court issue a declaratory judgment confirming its exclusive jurisdiction over the administration of Westlake Hospital's estate and further declaring that the Court hearing the Administrative Review Action does not have concurrent jurisdiction or any jurisdiction over the administration of the Debtors' estates, which includes the assets of Westlake Hospital;

b. That this Court, pursuant to section 362 of the Bankruptcy Code, issue an

order enforcing the automatic stay as to the Administrative Review Action; and

  c. That this Court, to the extent the automatic stay does not apply, exercise its powers under section 105 of the Bankruptcy Code and enjoin the Defendants from continuation of the Administrative Review Action;

  d. Awarding to the Debtors' estates damages, including punitive damages, attorneys' fees and costs against the Village for willful violation of the automatic stay; and

  e. Awarding to the Debtors and their estates such other and further relief relating to any violation relating to the relief sought herein, including without limitation violation of the automatic stay and such other and further relief as is just and appropriate.

[The remainder of this page is intentionally left blank.]

Dated:  August 12, 2019                         Respectfully submitted,

**MORRIS JAMES LLP**

/s/ Eric J. Monzo
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com

Counsel to Debtor, Westlake Hospital

11105183/1